**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**JEFFERY WILLIAMS,**
**Claimant Below, Petitioner**

**FILED**
July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0948** (BOR Appeal No. 2052802)
(Claim No. 2014015427)

**GREENBRIER COUNTY COMMISSION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Jeffery Williams, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Greenbrier County Commission, by Counsel Lisa Warner Hunter, filed a timely response.

The issue on appeal is additional compensable conditions. The claims administrator denied the addition of lumbar strain, sacral strain, sacroiliac joint arthralgia, and myofascial pain/trochanteric bursitis to the claim on October 25, 2017. The Office of Judges modified the decision in its April 6, 2018, Order and held the claim compensable for lumbar strain and sacroiliac strain. The Order was affirmed by the Board of Review on September 26, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williams, a police deputy, was injured in the course of his employment on November 20, 2013, when he was involved in a motor vehicle accident. Treatment notes from Greenbrier Medical Center indicate Mr. Williams reported back and chest pain. A thoracic CT scan showed osteophytic lipping and mild disc space narrowing. A lumbar CT scan showed disc space narrowing with osteophytic lipping at L3-4, L4-5, and L5-S1. There was facet joint hypertrophy, degenerative changes, and annular bulging at L3-4 and L4-5. A right shoulder x-ray showed a metallic foreign body in the shoulder. The Employees' and Physicians' Report of injury was completed that same day. The physician's section was completed by Greenbrier Valley Medical

1

Center and indicates Mr. Williams injured his mid and lower back. The claim was held compensable for lumbar and thoracic sprains on January 2, 2014.

Mr. Williams has a history of lower back problems. A September 30, 2004, lumbar MRI was performed due to lower back pain and right side radiculopathy. It showed disc herniations at L3-4 and L4-5 with nerve root compression. Mr. Williams also had minor degenerative changes and scoliosis. On October 29, 2004, he underwent a right L4-5 microdiscectomy. The pre and post-operative diagnoses were right sciatica and L4-5 disc herniation. Mr. Williams also had a previous workers' compensation claim, number 2005016665, which was held compensable for displaced intervertebral disc and lumbar sprain. Mr. Williams saw Celia McLay, D.O., on August 9, 2012, for acute back pain. It was noted that he had a work-related injury in 2004 for which he underwent surgery on the L4-5 disc. Mr. Williams had a good result from surgery and had resumed his regular workout routine. He reported that two weeks prior, he was playing golf and felt severe pain in his back. Dr. McLay manipulated Mr. Williams's lumbar spine, sacral spine, and pelvis. She diagnosed multiple muscle strains, lumbago, rib cage dysfunction, lumbar dysfunction, sacrum dysfunction, and pelvic dysfunction.

In the case at bar, a lumbar MRI was performed on May 4, 2014. It showed mild to moderate broad based disc bulging at L2-3 and mild to moderate broad based disc bulging causing mild foraminal narrowing at L3-4. At L4-5, there was mild to moderate broad based disc bulging, mild osteophyte formation, degenerative facet disease, and mild to moderate right foraminal narrowing with compression of the L4 nerve root. At L5-S1 there was mild broad based disc bulging. Mr. Williams underwent a right L4-5 laminectomy and a medial facetectomy with excision of a disc herniation on February 9, 2015. The pre and post-operative diagnosis was recurrent L4-5 disc herniation causing radiculopathy.

A. E. Landis, M.D., performed an independent medical evaluation. In the report dated April 26, 2016, he noted Mr. Williams's prior low back injury and surgery. At the time of the evaluation, Mr. Williams reported that his pain was mostly in his right hip and lower back. Dr. Landis diagnosed moderate lumbar degenerative changes and post-operative changes at L4-5. Dr. Landis opined that Mr. Williams suffered a recurrent L4-5 disc herniation but that he had reached maximum medical improvement. Dr. Landis assessed 13% for lumbar spine impairment and apportioned 6% for preexisting conditions. He ultimately recommended 7% impairment for the lumbar spine. He declined to assess the right knee as it was not a compensable condition in the claim.

Mr. Williams sought treatment from Amy Goff, D.O., on May 10, 2017, for lumbar radiculopathy and right hip trochanteric bursitis. She recommended a steroid injection. On August 9, 2017, Mr. Williams reported lower back and right buttock pain that radiated into the right hip. Dr. Goff noted that he had lumbar disc degeneration, generalized osteoarthritis, and lumbar radiculopathy. Dr. Goff found on examination that Mr. Williams had paraspinal muscle spasms in the right buttock and muscle spasms in the lumbosacral spine. She diagnosed somatic dysfunction of the lumbosacral spine and lumbar radiculopathy. She noted that the radiculopathy improved after his February 9, 2015, back surgery. Dr. Goff further diagnosed chronic lumbar strain, chronic arthralgia of the right sacroiliac joint, sacrum sprain, somatic dysfunction of the sacrum,

myofascial pain syndrome, and right trochanteric bursitis. Dr. Goff completed a diagnosis update on August 10, 2017, and requested that lumbar strain, sacral strain, sacroiliac joint arthralgia, and trochanteric bursitis/myofascial pain be added to the claim.

On September 11, 2017, Dr. Landis performed a second independent medical evaluation in which he noted that Mr. Williams underwent a repeat right L4-5 laminectomy and a L4-5 medial facetectomy. He noted Dr. Goff's diagnosis update request and stated that lumbar strain, sacral strain, and sacroiliac joint arthralgia would be included in the herniated disc diagnosis since there cannot be a soft tissue injury resulting in a herniated disc without lumbosacral straining. He also noted that sacroiliac joint arthralgia is a symptom, not a diagnosis. He further opined that trochanteric bursitis is not a condition related to a herniated disc. Dr. Landis noted that x-rays of Mr. Williams's right knee and thoracic spine showed mild degenerative changes. X-rays of the lumbar spine showed moderate degenerative changes. Dr. Landis opined that the compensable injury caused a moderate low back injury and minimal, minor injuries to the thoracic spine and right knee. Dr. Landis found no thoracic spine impairment. For the lumbar spine, he assessed 13% impairment and then apportioned 7% to the compensable injury.

The claims administrator denied the addition of lumbar strain, sacral strain, sacroiliac joint arthralgia, and myofascial pain/trochanteric bursitis as compensable conditions in the claim on October 25, 2017. In a February 5, 2018, letter to the claims administrator, Dr. Goff stated that she was currently treating Mr. Williams for chronic low back pain, lumbar radiculopathy, chronic lumbosacral strain, right sacroilitis, and trochanteric bursitis. She had recently given him an injection in his hip, which provided short term relief. Mr. Williams continued to have right lower back, buttock, right leg, and sacroiliac pain. She opined that he needed continued treatment.

In its April 6, 2018, Order, the Office of Judges modified the claims administrator's decision and held the claim compensable for lumbar strain and sacroiliac strain. It affirmed the remainder of the claims administrator's October 25, 2017, decision. The Office of Judges found that the claims administrator erred in denying the addition of lumbar strain to the claim. The Office of Judges noted that lumbar sprain and lumbar strain are used interchangeably in the medical field and as the claim was already held compensable for a lumbar sprain, the claims administrator erred in denying the addition of lumbar strain to the claim. The Office of Judges also found that the claims administrator erred in denying the addition of sacral strain to the claim. Dr. Goff opined that the compensable injury caused a sacral strain, and Dr. Landis opined that the diagnosis would be included in the already compensable diagnosis of L4-5 disc herniation.

The Office of Judges affirmed the claims administrator's decision insofar as it denied the addition of myofascial pain/trochanteric bursitis to the claim. The Office of Judges determined that myofascial pain/trochanteric bursitis related to Mr. Williams's right hip, which has never been recognized as a compensable component of the claim. Further, myofascial pain/trochanteric bursitis are symptoms and while symptoms can be held compensable, they must be related to a compensable component of the claim. Finally, the Office of Judges determined that Mr. Williams failed to show that sacroiliac joint arthralgia should be added to the claim. The Office of Judges found that the condition essentially describes arthritis. Mr. Williams had two prior lower back surgeries, the second of which was not covered under workers' compensation. The Office of

3

Judges concluded that Dr. Goff's records fail to explain how the compensable injury resulted in sacroiliac joint arthralgia. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 26, 2018.

After review, we agree with conclusions of the Board of Review. The Office of Judges was correct to find that lumbar strain should be added to the claim. However, its reasoning was faulty as it failed to provide a compensability analysis. Pursuant to West Virginia Code § 23-4-1 (2018), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Compensation Commissioner*, 153 W. Va. 796, 796, 172 S.E.2d 698, 699 (1970). Though they are often used interchangeably, lumbar sprain and lumbar strain are two different diagnoses. A strain is caused by muscle fibers being stretched or torn. A sprain results when ligaments are torn from their attachments.[1] A preponderance of the evidence indicates Mr. Williams sustained both conditions in the course of and resulting from his injury. Drs. McLay and Goff both diagnosed Mr. Williams with lumbar strain and their opinions are supported by the remainder of the evidence of record.

The Office of Judges was correct in its reasoning for adding sacroiliac strain to the claim. In regard to myofascial pain/trochanteric bursitis, the Office of Judges again displayed faulty reasoning for its decision. The condition cannot be compensable in this claim because there is no indication that Mr. Williams injured his hip as a result of the compensable injury. Right hip symptoms did not appear until well after the compensable injury occurred, and there is nothing in the medical records to relate myofascial pain in the hip/trochanteric bursitis to the compensable injury. Lastly, the Office of Judges was correct to find that sacroiliac arthralgia is not compensable; however, it was incorrect in its reasoning that the diagnosis is "essentially arthritis". Arthralgia (pain in the joint) and arthritis (inflammation of the joint) are two different conditions. Arthralgia can be a symptom of arthritis but the two conditions are certainly not the same. Regardless, the condition is a symptom, not a diagnosis, and is therefore not compensable.[2]

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions,

---

[1]*See* Nat'l Inst. of Arthritis and Musculoskeletal and Skin Diseases, Sprains and Strains (2015), https://www.niams.nih.gov/health-topics/sprains-and-strains.

[2]*See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 at *3 (W. Va. April 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim), *Radford v. Panther Creek Mining, LLC,* No. 18-0806, 2019 WL 4415245 at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to a claim as they are symptoms, not diagnoses).

there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

                                                                          Affirmed.

**ISSUED: July 9, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5